UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENRIQUE A. MOREY, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01214-TWP-TAB |
| | ) |
| GLAZIER'S DISTRIBUTION COMPANY, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Renewed Request to Proceed on Appeal** *In Forma Pauperis*

Plaintiff Enrique A. Morey, again seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id*.

In this renewed motion, the Morey asserts that his former supervisor, John Cauger ignored several of his complaints and that Dwang [sic] Mulder was taken to the office for writing "1478 total just for you fucking Mexican." He also states that his name was taken off the list each month for the Jewish gym "in a clear prejudist [sic] action." As discussed in the ruling on summary judgment, however, the record showed that Morey's complaints were investigated and in fact resulted in the termination of a co-worker and admonition to others. The record showed that there was insufficient evidence as to who wrote the racist phrase on the Summary Sheet. In addition, as soon as the oversight regarding the gym membership was discovered, Morey's name, and that of other employees' who had been accidentally left off the list of eligible employees for the Jewish

Community Center benefit, was added to the list. Further, it is undisputed that Cauger did not have access to the list. As such, there is no objectively reasonable argument the plaintiff has presented or could present to argue that the disposition of this action was erroneous. Although Morey is no doubt dissatisfied with the Court's ruling, he has not shown any basis on which the ruling could or should have been different. His former employer took prompt action to address his claims of co-workers' racial slurs and took consistent action against Morey after he was placed on Final Warning status. In pursuing an appeal, therefore, Moery "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, this appeal is considered to be "not taken in good faith," and for this reason Morey's renewed request for leave to proceed on appeal *in forma pauperis* (Dkt 82) must be **DENIED.**

      **SO ORDERED.**

Date: 12/1/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ENRIQUE A. MOREY, II
4815 Tempe Court
Indianapolis, IN 46241

All Electronically Registered Counsel